<hr />

### PENNSYLVANIA R. CO. v. REED.

#### (Circuit Court of Appeals, Second Circuit. February 27, 1894.)

#### No. 72.

1. RAILROAD COMPANIES—INJURIES TO PASSENGERS — NEGLIGENCE—EVIDENCE.
   In an action for personal injuries it appeared that plaintiff attempted to board a moving train while she was incumbered with luggage, and that when she was about to step from the car step to the platform the brakeman, apparently intending to assist her, pushed her so violently that she fell to the platform. She testified that she was standing on one foot on the step at the time, holding to the rail at the side and about to raise the other foot to the platform. The brakeman denied the whole transaction. *Held*, that it was a question for the jury whether the plaintiff had safely established herself on the car steps, or whether the interference of the brakeman was necessary to assist her in so doing.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Even though it was negligence in plaintiff to attempt to board the train while in motion, if she had established herself safely on the car step the interference of the brakeman was unnecessary, and there was no contributory negligence on her part to defeat her right to recover for negligence or undue violence on his.

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by Martha Reed against the Pennsylvania Railroad Company. There was judgment for the plaintiff below, (56 Fed. 184,) and defendant brings error.

Henry G. Ward, for plaintiff in error.
George H. Pettit, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error brought by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. Of the errors assigned, those only have been relied on in argument by counsel for the plaintiff in error which are alleged to have been committed by the trial judge in refusing to direct a verdict for the defendant, and in his instructions to the jury. The action was brought to recover damages for personal injuries sustained by the plaintiff while she was entering a passenger car of one of the defendant's trains. The complaint

alleged that, while she was attempting to get on board, "one of the defendant's brakemen carelessly, negligently, wrongfully, and violently pushed the plaintiff in such a manner that she was thrown down on the car, and received severe injuries." It appeared upon the trial that the plaintiff had purchased a ticket at Christiana which entitled her to a passage upon the train to Parkesburgh. As she approached to take passage the train started, but she nevertheless attempted to get on board. She was carrying a satchel, an accordion box, and a parcel. According to her testimony, while she was upon the car step, and about to step upon the rear platform, the trainman standing at the side of the car, apparently intending to assist her, pushed her with such violence that she fell upon the platform. She testified as follows:

"When I was in the act of standing up, holding on the rail at the right hand, and standing on one foot, the left foot was already raised to make the second step, and just then I suppose he thought I would fall off, and, in his way to assist me, he gave me a gouge in the back. I came right down."

Her testimony also tended to show that, in falling, she struck upon the accordion box, and received internal injuries. At the close of the testimony the defendant requested the court to direct a verdict in its favor, upon the ground that the plaintiff was guilty of contributory negligence. This request was denied, and an exception granted. The trial judge instructed the jury that there was no question of contributory negligence in the case; that if the plaintiff was thrown down by the moving train she had no right of action; but if the trainman pushed her with some undue violence, more than was necessary to properly assist her in boarding the train, and she was injured in consequence of that, the defendant was liable. The defendant excepted as follows:

"To so much of the charge as separates the act of the plaintiff getting on the moving train from the act of the brakeman pushing her, on the ground that the whole transaction is a single one, and should be considered together, and that contributory negligence is imputable to the plaintiff from the beginning to the end."

The evidence for the plaintiff was consistent with two theories of the facts. It was such as to warrant a finding by the jury that the plaintiff had not succeeded safely in establishing herself upon the steps, and was in danger of falling off when the trainman intervened; or to warrant the conclusion that she was safely upon the steps, and there was no occasion for the interference of the trainman. Upon the first of these two theories, the question of the contributory negligence of the plaintiff was an important one. Upon the second theory, it was not. The trial judge assumed that the plaintiff was guilty of negligence in attempting to board the train, under the circumstances of the case. The evidence indicated that she attempted to do so while the train was in motion, and while she was incumbered with luggage. It also indicated that, while she was clinging with one hand to the railing of the car, and attempting to swing herself up the steps, the trainman, supposing that she needed assistance, and intending to assist her, used less care

than was necessary in doing so, and pushed her with such force that she fell upon the platform. If the testimony authorized the inference that there was not any need of assistance, it certainly authorized the contrary inference; and the jury would have been justified in finding that the trainman, in what he did, was trying to save her from the perils of her own imprudence. Upon this theory of the case, it cannot be doubted that it was the duty of the trainman to endeavor to assist her. It would have been the duty of any person to do so, as an act of common humanity, even though such a person were a stranger. If the plaintiff was injured in consequence of the negligence of the trainman while he was performing a duty which her own negligent conduct had imposed upon him, her negligence was a contributory cause of the injury, and she was not entitled to recover. The rule that contributory negligence on the part of the plaintiff will not disentitle the plaintiff to recover, if it appears that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence, is not fairly applicable to such a state of facts. That rule is but the statement, in another form, of the proposition that antecedent misconduct or negligence on the part of the plaintiff, such as could not have had any influence upon the conduct of the defendant, will not defeat a recovery for injuries inflicted by the immediate negligence of the defendant. It is a misuse of terms to speak of such negligence as contributory negligence. The true meaning of the rule is best understood by a reference to some of the adjudged cases in which it has been declared. One of the earliest cases is Davies v. Mann, 10 Mees. & W. 546. In that case an animal which had been left fettered in the highway was run over by the defendant's wagon, which, without its driver, was proceeding along the highway. The court held that, although it was an illegal act on the part of the plaintiff to put the animal on the highway, still, unless its being there was the immediate cause of the accident, the plaintiff was entitled to recover. In Austin v. Steamboat Co., 43 N. Y. 75, the plaintiff's vessel had been negligently run aground near the channel of a navigable river, and subsequently the defendant's vessel, while navigating that part of the river, was, by the carelessness of those in charge, brought into collision with the grounded vessel. It was held that the fact that the injured vessel was negligently where it ought not to have been was no defense against the negligence of those navigating the colliding vessel. The court, referring to the argument that the plaintiff's negligence contributed to the injury, said:

"Negligence must be proximate and not remote. It must be a negligence occurring at the time that the accident happened. Notwithstanding the previous negligence of the plaintiff, if, at the time when the injury was committed, it might have been avoided by the defendant by the exercise of reasonable care and prudence, an action will lie for the injury."

In Radley v. Railway Co., L. R. 1 App. Cas. 754, the plaintiffs had negligently obstructed a railway siding belonging to them, but used both by them and the defendant, and the defendant's engineer, discovering that there was an obstruction, stopped his engine,

backed, and then, without attempting to ascertain the cause, went ahead, with the view to remove the obstruction by force, thereby injuring the plaintiffs' property. The court held that there was a question for the jury whether, although the plaintiffs had been guilty of negligence, the defendant might not have avoided the accident by the exercise of due care and diligence. In Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, the plaintiff was injured by the violent striking of the defendant's steamboat against the plaintiff's wharf, and it was insisted that, notwithstanding the negligence of the defendant, the plaintiff could not recover because he was standing in a dangerous position upon the wharf. The court said:

"The jury might well be of opinion that while there was some negligence on his part in standing where and as he did, yet the officers of the boat knew just where and how he stood, and might have avoided him if they had used reasonable care to prevent the steamboat from striking the wharf with unusual and unnecessary violence. If such were the facts the defendant's negligence was the proximate, direct, and efficient cause of the injury."

These adjudications, and many more that might be cited, are but the applications, under varying circumstances of fact, of the doctrine tersely stated in Williamson v. Barrett, 13 How. 109, as follows:

"A man is not at liberty to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he does not use common and ordinary caution to avoid it. One person being in fault will not dispense with another's using ordinary care for himself."

The learned trial judge apparently assumed that, although the plaintiff had been negligent in attempting to board the moving train, she had succeeded, and was safely on the car, and the interference of the trainman was obviously unnecessary. In that view of the facts, any officious interference with her by the trainman was unjustifiable, and the defendant was responsible for any injuries which the plaintiff received by his misconduct, notwithstanding her antecedent negligence. The plaintiff, although, according to her testimony, she supposed the trainman intended to assist her when he pushed her, did not know what his motive was. The trainman, in his testimony, denied the whole transaction. Because the evidence in the case was sufficient to authorize the jury to find that the facts were as they were thus assumed to be, the instruction which had been requested to direct a verdict for the defendant was properly refused, and the instructions given to the jury by the trial judge were not obnoxious to the exceptions taken by the defendant. If an instruction had been requested for the defendant that the plaintiff was not entitled to recover if the jury found that the trainman carelessly injured the plaintiff, while attempting to assist her when she was in danger of falling off the steps of the car, because her own carelessness was a contributory cause, the refusal to give such an instruction would have been error. So, too, had the defendant excepted to so much of the charge as instructed the jury that plaintiff was entitled to recover if the brakeman pushed her with "more force than was necessary to properly assist her on the train;" and the court had thereupon failed to qualify the charge with the further statement that

they must be further satisfied that the force used was more than a reasonably prudent man would have used under the circumstances, the exception would be sound. But the instruction requested required the court to inform the jury that, in any state of the facts, the negligent act of the plaintiff in attempting to board the train would preclude her from a recovery. Such an instruction could not have been properly given, and the refusal to give it was not error.

It is possible that the jury may have found that the defendant was liable because the trainman conducted himself with a zeal disproportioned to the emergency, and, while attempting to perform the duty made necessary by the plaintiff's own imprudence, used unnecessary violence; but they may have founded their verdict upon the other theory of the facts. This court has no power to grant a new trial in the exercise of discretion, and in actions at law can only determine whether error, raised by proper exceptions, requires the reversal of a judgment. The judgment is affirmed.