[Civ. No. 19262. First Dist., Div. One. Jan. 26, 1961.]

WILLIAM VALENTINE, Appellant, v. COUNTY OF
CONTRA COSTA, Respondent.

516

Helm & Corbett, Calfee, Westover & Calfee and Allen Norris for Appellant.

John A. Nejedly, District Attorney, and Dick Rockwell, Deputy District Attorney, for Respondent.

TOBRINER, J.—Appellant seeks a declaration that his status as deputy constable of a justice court at the time it was superseded by a municipal court entitles him to the position of deputy marshal in the superseding court. We believe that appellant's claim is sustained by the California Constitution and the provisions of the Government Code which blanket into such municipal court the personnel of the superseded court.

In April 1955, the constable of the San Pablo Judicial District's Justice Court employed appellant to serve jury summonses and civil processes. Monies collected from such service were credited to the constable's trustee account. From this account the constable paid appellant; appellant's compensation was computed from the identical schedule for service of process and mileage fees which the constable used to compute the amounts he was entitled to deposit in his account. On April 2, 1956, the constable appointed appellant a deputy constable and, the next day, filed the written certificate signifying this appointment with the county clerk. Appellant continued working under the same arrangement as before that date, including the method by which he was compensated.

On September 13, 1957, the Superior Court of Contra Costa County found that the population of the San Pablo Judicial District exceeded 40,000 and thereupon decreed a municipal court established in that district. On October 1, 1957, the justice court of this district commenced to function as the municipal court. On the same day Marshal Wright, formerly the constable, appointed appellant a provisional deputy marshal; likewise, on the same day F. E. Emery, in his capacity as the director of personnel and executive secretary of the Contra Costa Civil Service Commission, approved this appointment. Appellant worked as deputy marshal from the time of his appointment until the commencement of the trial below.

At the first extra session in 1958 the Legislature provided for the statutory organization of the San Pablo Municipal Court. (Stats. 1959, ch. 57, pp. 261-264.) These provisions became effective on July 23, 1958. (Stats. 1959, ch. 57, p. 261). Pursuant to this statutory organizational scheme the marshal received the authority to hire two deputies if he thought the proper administration of justice so warranted. In December 1958, the county civil service commission held an examination for the position of deputy marshal. Appellant refused to take this examination. Consequently the commission omitted his name from the list of eligible applicants which it certified to the marshal on January 15, 1959. Two weeks later appellant commenced this action for declaratory relief upon the premise that he had been blanketed into the deputy marshal's position by virtue of Government Code sections 71085 and 71086.

The trial court found, among other things, that appellant's appointment as deputy constable in April 1956 was filed in the county clerk's office and that he had "occasionally assisted the Constable in some of his duties" thereafter, but that appellant "did not receive any salary from the County of Contra Costa for these services." The court then found "That on September 13, 1957, plaintiff was not a Deputy Constable of the San Pablo Judicial District within the meaning of Section 71085 of the Government Code of California." The court concluded that the temporary appointment of appellant as deputy marshal in October 1957 terminated 30 days after January 15, 1959, (Gov. Code, § 71183) and that, therefore, appellant "is not a Deputy Marshal of the San Pablo Judicial District" and "is not eligible to be certified by the Civil Service Commission . . . as a Deputy Marshal. . . ."

Our initial inquiry must be devoted to the trial court's conclusion that appellant was not a deputy constable within the meaning of section 71085. This conclusion is apparently based upon the findings that appellant "occasionally" assisted the constable, and that he was not compensated for these services by Contra Costa County. Our second question involves whether or not the deputy constable succeeded to the position of deputy marshal of the municipal court by virtue of that section.

Turning to the first query, we note that at the time here involved section 71085 provided, in part, that "The clerk, or chief clerical officer by whatever name known, the marshal or constable, or similar official, their deputies and

attaches, and all other officers or employees of each court wholly or partly superseded by a municipal or justice court shall become the clerk, the marshal, or constable, their deputies and attaches, and officers or employees of such municipal or justice court upon its organization, so far as such positions are provided by law.'' The purpose of this provision is to enable those who performed the work in the superseded court to continue in the administration of justice. The Legislature even codified this purpose in Government Code section 71092: ''So far as practical, upon the organization of the court, the clerks, deputies, and attaches or employees of the superseded court shall be assigned to positions in the municipal or justice court similar in duties and compensation to the positions held in the superseded court.''

The constable not only appointed appellant deputy constable on April 2, 1956, but, in addition, appellant performed the duties of that office, including those of bailiff during emergencies and the constable's vacation. (Gov. Code, §§ 71265, 26611.) Upon the basis of the evidence[1] the trial court's finding that appellant ''occasionally'' assisted the constable can only be construed to mean ''part time'' each day. The inference of the trial court that appellant did not work full time does not necessarily denote that appellant did not perform as the deputy constable; indeed, the constable testified that appellant after leaving the office each day remained in constant contact with him so that he could furnish any desired relief. The necessity of appellant's continued assistance was further indicated by the civil service commission's certification of his appointment to the provisional deputy marshal's position immediately upon the emergence of the municipal court. Appellant's deputy status, coupled with the performance of such duties on a substantial, though part-time basis, suffices to bring him within the meaning of section 71085.

We cannot agree with the trial court's conclusion that appellant was not a deputy within section 71085 because of his mode of compensation. As we read section 71092 its purpose in setting out the right of a person in a superseding court to assignment to positions ''similar in duties *and compensation*'' (emphasis added) was to prevent existing personnel from suffering loss of wages or positions as a result of a

---

[1] Appellant founded and conducted a messenger service which he turned over to his wife when he commenced working for the constable; he worked ''on the side . . .'' for his wife.

court's supersedure. It did not intend to proscribe one who had enjoyed the status and performed the specified duties from assuming similar duties in the superseding court.

 Since the constable's arrangement with appellant, here, is analogous to that of United States Marshals to their deputies in the nineteenth century, we cite the decisions which hold that the deputy occupies the office of deputy marshal even though he receives private compensation from the marshal and no payments by the United States. Thus in *Douglas* v. *Wallace* (1895), 161 U.S. 346 [16 S.Ct. 485, 40 L.Ed. 727], the court stated: "Although deputies are recognized by law as necessary to the proper administration of the Marshal's office, they receive from the government neither salaries nor fees, and the government has no dealings directly with them. . . . The Marshal makes his own bargains with his deputies, and is unrestricted in the amount he shall pay them, which may be either a salary or a proportion of the fees earned by them, except that, in computing the maximum compensation to which he is entitled, the allowance of no deputy shall exceed three fourths of the fees and emoluments received or payable for the services rendered by him. [Rev. Stats.] § 841. He is thus bound to charge himself with a quarter of the fees earned by each deputy. Their claims for services against the Marshal stand upon the same footing as those of an ordinary employe against his employer, and are not even contingent upon the Marshal collecting his own accounts against the United States. . . ." (Pp. 348-349.)

Likewise, in *Powell* v. *United States* (1894), 60 F. 697, the court, in denying government liability to a deputy marshal for his services, stated: "[D]eputy marshals are not employed by the government, and have no contract, either express or implied, with the United States in virtue of which they can maintain suit for services rendered in the execution of process. . . . Even if a deputy marshal may in some sense be called an officer of the United States, he is not a salaried officer, and is paid not more than a fixed proportion of the fees of the marshal earned by him, the deputy. . . . it is difficult to see how a deputy marshal can be called an employe of the government at all, or that he is more or other than an employe of the marshal." (Pp. 689-690.)

We conclude that the fact that appellant "occasionally assisted the Constable" and that he "did not receive any salary . . . for these services" from the county did not deprive him of the status of deputy constable. We turn to the second issue

of the case: the validity of the superior court's conclusion that appellant could not become a deputy marshal of the municipal court because he did not hold a position "provided by law."

Appellant contends that sections 71085, and 71086 which deems as appointed all those specified in 71085, blanket into such positions all those described. Respondent, however, argues that the words "so far as such positions are provided by law" narrows the section and that appellant's alleged "position" did not exist because the Legislature enacted no specific legislation organizing the San Pablo court until 1958. (See Gov. Code, §§ 74610-74618.) Thus, respondent contends, appellant's provisional appointment having terminated, the civil service eligibility list alone authorized appointments.

Article VI, section 11, of the California Constitution provides, in part: "[T]he Legislature shall prescribe the manner in which, the time at which, and the terms for which the judges, officers and attaches of municipal courts and of justice courts shall be elected or appointed, the number, qualifications and compensation of the judges, officers and attaches of municipal courts . . . The Legislature shall enact such general or special laws . . . as may be necessary to carry out the provisions of this section. . . ." The purpose of the above portion of Article VI, section 11, was to leave the "details of court structure . . . to the Legislature. . . ." (Twelfth Biennial Report, Judicial Council of California, pp. 19, 41-43.) As a consequence, the Legislature's reference in section 71085 to "organization" and to "positions . . . provided by law" relates to statutory organization of the court.

In the first place, we believe that although the Legislature's statutory organization did not occur until some ten months subsequent to the superior court's decree, appellant succeeded to the position of deputy marshal of the municipal court for the reasons hereinafter stated. (Gov. Code, § 74614.) Section 71086 of the Government Code recites: "All persons specified in Section 71085 shall be deemed to be appointed upon the organization of the court *and to have met all of the requirements for appointment to permanent positions* as provided in the Municipal and Justice Court Act of 1949, or the provisions of law succeeding that act. . . ." (Emphasis added.) Appellant enjoyed the status of deputy constable and occupied a position authorized by written certification with the county clerk at the moment the justice court was superseded by the municipal court; upon the initial statutory organization of

the court on July 23, 1958, such status entitled appellant to the position of deputy marshal of the municipal court.

While the legislation setting up the statutory organization of the municipal court was enacted on July 23, 1958, and the municipal court superseded the justice court some ten months previously in October 1957, sections 71085 and 71086 still applied to, and acted upon, the interim court in July 1958. The earlier transformation did not remove the personnel of the superseded court from the operation of the sections. Neither section 71085 or 71086 required that the organizational statute be in effect *at the time* the justice court was superseded by the municipal court. To so interpret the sections would defeat the obvious legislative intent to blanket in the personnel of the superseded court.

The words "provided by law" in section 71085 thus refer to the "law" passed by the Legislature in initially organizing the court. This "law" authorized the position of deputy marshal on July 23, 1958. The county civil service commission "then proceeded with the calling of an examination." Thus a permanent position existed to which appellant was, and is, entitled.

In the second place the legislative declaration and statutory organization of July 23, 1958, confirmed the existence of the previously established municipal court; it did not create a new court. The judgment entered by the superior court dated September 12, 1957, stated, "That there *is* a municipal court duly established in said district." (*Morrow* v. *Marcollo,* Judgment No. R-5314; emphasis added.) Likewise section 74610, dealing with the applicability of the article specially organizing the San Pablo Judicial District, states: "This article *applies* to the municipal court *established* in the San Pablo Judicial District of Contra Costa County, which includes the City of San Pablo." (Emphasis added.) The section does not purport to set up a new court but rather treats the court as previously "established."

Evidently the Legislature considered its legislation of July 23, 1958, as confirming and implementing the judicial declaration of the previous year. The Legislature thus obliterated any hiatus between the dates of operation of the justice and the municipal courts. Indeed, the Legislature could hardly have proposed that the business of the court cease as of the time of the judicial declaration that the municipal court superseded the justice court; rather, it must have intended the business of the justice court to continue until the organiza-

tion of the municipal court by specific statute. Thus, all existing positions would continue until replaced or eliminated. When the Legislature did organize the new court in 1958, it included the position of deputy marshal. Such continuity of the position overcomes respondent's contention that no position existed in law between September 1957 and July 1958.

To refute the conclusions above set forth respondent submits a threefold argument, which, as we shall point out, is ineffective. Respondent argues: (1) The special legislation which organized the instant municipal court prevails over general legislation and the former failed to provide for automatic succession of any personnel; (2) Government Code section 71183 requires that the position of deputy marshal be filled from the county civil service commission's list; and (3) appellant's acceptance of the temporary deputy marshal's position constitutes a waiver of his alleged rights.

We consider the initial argument, breaking it into the three phases which it impliedly contains.

The first of these, the contention that the act organizing the involved municipal court does not provide for automatic succession of the justice court's personnel, fails to withstand the words of the statute. Article 27.5, chapter 10, title 8, of the Government Code sets forth the special provisions for the organization of the San Pablo Judicial District of Contra Costa County. (Stats. 1959, ch. 57, p. 261.) Section 74616 of that article recites: ''Appointments to fill positions provided for in this article shall be made pursuant to *general provisions of law* and the ordinances and civil service regulations of Contra Costa County.'' (Emphasis added.) This reference to the general provisions of law incorporates the ''blanketing in'' sections previously considered.

In the second phase of this argument, respondent cites Government Code, section 74350,[2] and asserts: ''If the Legislature . . . intended that the interim personnel of the Court became its permanent personnel without examination and qualification, it could have provided as it did in the organization of the San Diego Municipal Court. . . .'' This portion

---

[2] ''All persons holding positions on the ninety-first day after the 1957 Regular Session of the Legislature shall continue in their respective positions without further examination or qualification and at the added compensation provided in this article, including increments for continuous prior service in such positions in the court. Thereafter, any increments earned by additional service in grade shall take effect upon the first day of the month following completion of such required service.''

of respondent's argument fails to comprehend that appellant's rights are not based upon his temporary deputy marshal's status, but upon his status as deputy constable of a justice court at the moment it was superseded by the municipal court. Moreover, section 74350 is not analogous. That section merely protects the personnel of the existing San Diego Municipal Court upon its statutory *reorganization.* (Stats. 1951, ch. 1205, pp. 3052-3053; Stats. 1953, ch. 1784, pp. 3563-3565; Stats. 1955, ch. 1913, pp. 3523-3525; Stats. 1957, ch. 1951, pp. 3492-3494.) It does not relate to the rights of personnel of a superseded court.

■ The third phase of respondent's first argument apparently rests upon the proposition that the 1959 amendment to section 71085 shows that at the time here involved no positions were provided by law to which appellant could succeed; that the amendment reveals a legislative intent that section 71085 is inapplicable to a statutory organization following an interim organization of the court. This amendment, besides specifying their salaries, authorized a municipal court clerk, a marshal, and as many of their deputies as are necessary "[i]f no provision is made by law. . . ." (Stats. 1959, ch. 1821, p. 4327.) We believe, however, the amendment must be considered in the light of the Legislature's action of the previous year in organizing the San Pablo Municipal Court. The Legislature specified in this latter act that "Salaries of attaches and employees of the San Pablo Judicial District for work performed prior to the effective date of this act shall be a charge against the county." (Stats. 1959, ch. 57, p. 263.) This provision for salaries indicates that the Legislature recognized and sanctioned the interim organization and operation of the San Pablo Municipal Court. The Legislature's general provision for organization of municipal courts provided by section 71085 (Stats. 1959, ch. 1821, p. 4327), merely embodies its purpose to facilitate a smooth transition from justice courts to municipal courts; thus the 1959 amendment fails to disclose any legislative intent that section 71085 would not apply to the initial statutory organization following an interim judicial organization of the court.

■ Respondent's second argument is that the omission of appellant's name from the civil service list precludes his appointment to the position in question. This contention rests upon Government Code section 71183 which requires the marshal to appoint his deputies from among the three highest

applicants certified to him by the commission after it holds a competitive examination.

Government Code section 71086 however, exposes the inapplicability of section 71183. Section 71086 states that appellant is deemed "to have met all of the requirements for appointment to permanent positions as provided in the Municipal and Justice Court Act of 1949. . . ." The requirements of section 71183 were first enacted as section 10 of the 1949 Municipal and Justice Court Act (Stats. 1949, ch. 1510, p. 2681); thus the section does not apply to a person who claims a permanent position upon the basis of his status as one of the personnel of a *superseded* court. Government Code section 71140 underscores this right. That section imposes a residence requirement within the judicial district for the attaches of a justice court, and then recites: "This requirement shall not affect the right of any person to *automatically* succeed to an office or position pursuant to . . . Sections 71085 to 71090. . . ." (Emphasis added.)

■ Respondent's third argument seeks to manufacture a waiver of appellant's rights out of his acceptance of the temporary deputy marshal's job. Not only did appellant accept this temporary appointment prior to the statutory organization of the court, but he should not be penalized for continuing his duties, theretofore performed as deputy constable, because the county civil service commission misunderstood the nature and purpose of the statutes involved.

Appellant is therefore entitled to be declared deputy marshal of the San Pablo Judicial District.

We reverse the judgment and direct the trial court to enter judgment in accordance with the views expressed herein.

Bray, P. J., and Duniway, J., concurred.