Opinion
KINGSLEY, J.
Plaintiff brought an action for declaratory relief and for mandate to determine that he is a permanent deputy sheriff of defendant county and an ex-officio marshal of the San Luis Obispo County *96 Municipal Court. The trial court entered judgment against him and he has appealed; we affirm.
The trial court made elaborate findings of fact. We summarize the material findings as follows:
On or about February 21, 1966, plaintiff was appointed as a reserve deputy sheriff of San Luis Obispo County. He was then 45 years of age and was not eligible for appointment as a regular deputy sheriff because of his age. He served in that capacity, on a part-time basis, until May 14, 1974, when he was appointed as a deputy constable for a justice court in San Luis Obispo County. Thereafter he continued to serve as a reserve deputy sheriff and part-time as a deputy constable. Effective January 6, 1975, the Justice Courts of San Luis Obispo County were replaced by two divisions of a new municipal court. On January 6, 1975, he was appointed as a regular deputy sheriff. He was directed to attend a training course at Allen Hancock College in Santa Maria. After two days, he dropped out of the training program, and has refused to continue with the training course. After a discussion with the sheriff, he submitted a resignation which was accepted.
Plaintiff contends that, under section 71092 of the Government Code, he was automatically “blanketed” into a permanent position as a deputy marshal of the new municipal court and that, under Valentine v. County of Contra Costa (1961) 188 Cal.App.2d 515 [10 Cal.Rptr. 500], it is immaterial whether he had worked full or part-time as a deputy constable.
However, on the facts of this case and the statutes herein applicable, plaintiff’s rights are not governed by section 71092, but by sections 74606 and 74608 of the Government Code. Under section 74606, the new court was entitled only to four deputy marshals. The record indicates that, at the time herein involved, there were more than four persons (including plaintiff) who could claim a right to be “blanketed in” to those four positions. Section 74608 expressly deals with that situation. That section provides as follows:
“The clerks, the constables, their deputies and attaches, and all other officers or employees of the superseded justice courts in San Luis Obispo County, shall become the deputy clerks, deputy sheriffs and ex officio deputy marshals, and officers or employees of the municipal court upon *97 its organization so far as such equivalent positions are provided in Sections 74606 and 74607.
“If it appears that two or more clerks, constables, deputies and other officers or attachés of the superseded justice courts are equally entitled by virtue of the office held in any such court, to any office in the municipal court, the presiding judge of the municipal court shall determine which person is entitled to the office over which the conflict exists.”
The presiding judge of the new court had delegated to the sheriff the responsibility of selecting the four persons to receive the appointments. The sheriff determined that, as a condition of being so selected, a former constable must take and pass the training course to which plaintiff was sent. When plaintiff refused to complete the course, the sheriff determined that plaintiff was no longer eligible for selection and made other appointments. Under those circumstances, we need not determine whether the record supports the trial court’s finding that plaintiff’s letter of resignation was voluntary. Resignation or not, plaintiff was properly denied the appointment that he seeks.
At oral argument, counsel for plaintiff argued that the sheriff, acting as the designated agent of the judge, had no power to impose, as a condition of selection, any qualification other than those applicable when plaintiff was first appointed as a constable. The argument is without merit. Where, as here," the new qualification was legitimately related to ability to perform the duties of the office, the sheriff was within his power to impose it.
The judgment is affirmed.
Files, P. J., and Jefferson (Bernard), J., concurred.
Appellant’s petition for a hearing by the Supreme Court was denied December 28, 1977.